WILLIAM YOUNG v. STATE OF OHIO.

1. SENTENCE MUST DIRECT SUCH CONFINEMENT TO COMMIT ACCUSED IN WORK-HOUSE IN ANOTHER COUNTY.

A constable, in a county having no workhouse but which has made terms, under Sec. 2107a (Lan. 3444; B. 1536-378) Rev. Stat., with a city or district of another county having within its limits a workhouse, cannot commit a prisoner found guilty of violating a state law, to such workhouse, unless the sentence so provides, although the writ issued to the constable directs such confinement.

2. CONSTABLE SHOULD COMMIT ACCUSED TO COUNTY JAIL ON EXECUTION OF JUDGMENT FOR FINE AND COSTS WITHOUT IMPRISONMENT ON DEFAULT.

It is the duty of a constable holding a writ of execution for the collection of a judgment for a fine and the costs of prosecution, rendered by a magistrate for the violation of a state law, but which judgment makes no provision for imprisonment in case of default in the payment of said fine and costs, to take the body of the offender and commit him to the county jail, in case he fails to pay said fine and costs and there is no property out of which to satisfy said judgment.

3. HABEAS CORPUS DOES NOT LIE UNTIL CONSTABLE HAS REASONABLE TIME TO CONVEY ACCUSED TO COUNTY JAIL.

Where, under such circumstances, a constable has taken possession of the body of the defendant, habeas corpus will not lie against the constable for the release of the defendant, at least until the constable has had a reasonable time in which to convey him to the county jail.

[Syllabus by the court.]

ERROR to Ashland common pleas.

H. E. Bell, for plaintiff in error.

F. N. Patterson, for defendant in error.

Ashland County.

## CRAINE, J.

William Young, the plaintiff in error, was arrested, convicted and sentenced by the mayor of Ashland for a violation of the Beal law, Secs. 4364-20a Rev. Stat. *et seq.* The sentence provided that Young should pay a fine and the costs of prosecution, but imprisonment was not made a part of the punishment, nor did the sentence provide for imprisonment in case the defendant defaulted in the payment of the fine and costs of prosecution. A writ of execution was issued by the mayor and placed in the hands of a constable, directing the constable to collect the amount of said fine and costs of prosecution and in default thereof, commit the defendant to the Columbus workhouse. The constable, being unable to find property of the defendant with which to satisfy his writ, took the body of the defendant and was about to commit him to the Columbus workhouse, when the defendant applied to the court of common pleas for a writ of habeas corpus, claiming that said constable unlawfully deprived him of his liberty. A writ of habeas corpus was issued by the court of common pleas, but upon a final hearing of the case, the court of common pleas dismissed the petition and remanded Young to the custody of the constable. From the judgment of the court of common pleas, error has been prosecuted to this court, asking this court to reverse the judgment of the court of common pleas. The contention of plaintiff in error is, that there being no provision for imprisonment mentioned in the sentence, either as a part of the punishment or as a means of collecting the fine and costs, the constable had no right to take the body of Young and commit him to the Columbus workhouse or any other prison, but that the sentence stood like a judgment in a civil case, and that if Young did not have property sufficient to satisfy the fine and costs, that ended the matter.

Section 2107a (Lan. 3444; B. 1536-378) Rev. Stat. provides:

"Any city or district having, \* \* \* within its limits, a workhouse, may receive as inmates of such workhouse persons sentenced thereto as provided by law, from counties other than the one in which such workhouse is situated."

It does not appear from the record whether or not the county of Ashland had made any provision for sending inmates to the Columbus workhouse, but assuming that Ashland county had such arrangements with the authorities of the Columbus workhouse, we are of the opinion that Young could not be committed to this workhouse, unless the sentence of the court so provided, as the language of the statute is:

"May receive as inmates of such workhouse persons sentenced thereto as provided by law."

Young v. State.

If Young were in the possession of the workhouse authorities we would be inclined to hold that such confinement, under the circumstances, would be illegal and that he be released by habeas corpus, but Young never having been admitted to the Columbus workhouse, a writ of habeas corpus would not lie, simply because the officer threatened to send him there.

The remaining question is as to whether or not the constable has a right to the custody of Young. Sec. 7327 Rev. Stat. reads as follows:

"When a fine is the whole or part of a sentence, the court or magistrate may order that the person sentenced shall remain confined in the county jail until the fine and costs are paid, or secured to be paid, or the offender is otherwise legally discharged."

This section of the statute provides that the magistrate *may* order the person confined in the county jail, but we apprehend that such order should be made a part of the sentence.

Section 7328, we think, is decisive of the duties of the constable under the circumstances and reads as follows:

"When a magistrate or court renders judgment for a fine, an execution may issue for the same, and the costs of prosecution, to be levied on the property, or, in default thereof, upon the body of the defendant; and the officer holding such writ may arrest the offender in any county, and commit him to the jail of the county in which the writ issued, there to remain until the fine and costs are paid, or secured to be paid, or he is otherwise discharged according to law."

As I have said, in this case, there was no provision made in the sentence for any imprisonment, but when the magistrate issued the writ of execution he provided in it that in default of property out of which to satisfy the fine and costs, the constable should commit Young to the Columbus workhouse. We do not think that under this writ the constable had any right to commit Young to the Columbus workhouse, but it was his duty to ignore that part of the writ which provides for commitment to the Columbus workhouse and proceeded under Sec. 7328, which provides that in default of property he shall commit the body of the defendant to the county jail. The constable had not committed Young to the county jail, but he certainly had a reasonable time in which to do so.

Section 5729 Rev. Stat., which is a part of the habeas corpus act, provides: .

"If it appear that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the

Ashland County.

court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; etc.''

There is no doubt but what the magistrate had a right to render the judgment and likewise had the right to issue the writ of execution for the collection of the judgment and costs, and the fact that he ordered Young to be committed to the Columbus workhouse in default of the payment of the judgment and costs, would not, in our judgment render the writ nugatory, except as to the commitment part. In *Stanfeal* v. *State,* 78 Ohio St. 24, a party was sentenced to pay a fine and the costs of prosecution. Afterwards the mayor issued a mittimus, commanding the person to be committed to the county jail until the fine and costs were paid, without including the words ''or secured to be paid,'' as provided by Sec. 1846 (Lan. 3380; B. 1536-793) Rev. Stat. Habeas corpus was brought and a writ issued. The trial judge gave the state leave to amend the writ, so as to include the omitted words. This being done, the court remanded the prisoner to the custody of the marshal, and the Supreme Court held there was no error in so doing.

We think the court of common pleas was right in dismissing the petition of the plaintiff in error and in remanding the body of Young to the custody of the constable and we also think that it is the duty of the constable to commit Young to the county jail in pursuance of Sec. 7328, and being of this opinion we affirm the judgment of the court of common pleas. We would suggest, however, that the constable obtain a new writ of execution from the magistrate, providing for imprisonment in the county jail, in default of the payment of said fine and costs and in default of property of Young, out of which to satisfy said writ.

**Taggart** and **Donahue, JJ.,** concur.